FRANK M. HURLBUT, APPELLANT, v. CHARLES W. DURANT, RESPONDENT.

*Executor—when he is not personally liable to a legatee for a failure to pay over the legacy.*

The mere failure of an executor to pay to a legatee the full amount of his legacy will not, in the absence of proof that he has become personally liable for the residue thereof by reason of some illegal or improper conduct, or that he himself claims to be entitled thereto, authorize an action to be brought against him individually to recover the same.

APPEAL from a judgment in favor of the defendant, entered on the dismissal of the complaint at the Circuit.

*John S. Hill*, for the appellant.

*Carlisle Norwood, Jr.*, for the respondent.

DAVIS, P. J.:

The legacies to recover the balance of which this action was brought, were given to the defendant as executor of the testator, in trust to pay interest thereon for five years, and after the expiration of five years to pay over the principal to the respective beneficiaries. The five years having expired the executor and trustee paid the several legacies to the parties entitled thereto excepting a sum equal to one per cent. on each of the same. To recover that sum this action was brought by the appellant as assignee of the several beneficiaries. On the trial it was shown by the proof and pleadings that the defendant was the only executor under the will of the testator, who qualified, and that as such he received the amount of the several legacies and paid the annual interest for the period of five years, and then paid to the several beneficiaries respectively the whole amount of such legacies except the several sums demanded by the complaint. It nowhere appears in the pleadings or evidence why the residue was not paid, except so far as that is shown by a recital in the assignment, which was, of course, not evidence of the fact recited. The defendant was sued in his individual capacity. In that capacity he

was not liable without proof that he had become individually responsible by reason of some illegal or improper conduct, for retaining the moneys and refusing, to pay the same over. Nothing of that kind was shown. The complaint alleges in respect of each of the sums mentioned, that the payment thereof had been demanded from the said defendant and that he refused to pay over the same, and still retained, and had wrongfully converted the same to his own use. This allegation was denied by the answer. The court held it material that it should be proved, probably not upon the ground that the action is for a tortious conversion, which would be a mistaken view, but because the defendant could not be charged personally for a mere neglect or omission to pay, which was all that was shown in this case. There was no proof that he had asserted or claimed any title to the balance of the legacies.

The counsel for the appellant asserts that the balance was retained by the defendant under a claim that he was entitled to it for his commissions as executor and trustee. If that fact had been proved another question would be presented, but no proof of the kind was given in the case. It is at most a mere naked case of a failure by an executor to pay the whole of the legacies which the plaintiff's assignors were respectively entitled to receive. Such a failure we think did not in itself amount to a wrongful conversion of the fund to his own use, and therefore did not subject him to an action against him in his individual capacity.

As the plaintiff left the case upon the trial we think the decision made by the court was correct, and that the judgment should be affirmed.

Barrett, J., concurred.

Judgment affirmed, with costs.